IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MIGUEL ARANGO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:06-CV-2242-R |
| | § | **ECF** |
| DALLAS INDEPENDENT SCHOOL | § | |
| DISTRICT, DALLAS INDEPENDENT | § | |
| SCHOOL DISTRICT BOARD OF | § | |
| TRUSTEES, and DANA L. DAVIS, | § | |
| in her individual and official capacities, | § | |
| | § | |
| Defendants. | § | |

### MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

On December 21, 2006 came on for consideration PLAINTIFF'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION (filed December 6, 2006) (Dkt. 2) in the above-referenced matter. Having considered the evidence presented at the hearing, as well as the arguments and authorities presented by counsel by brief and at oral argument, this Court is of the opinion that Plaintiff's Motion should be DENIED.

The mandatory injunction shall not issue because Plaintiff has not shown that he has a substantial likelihood of success on the merits. For a preliminary injunction to be granted, the plaintiff must establish each of the following factors: (1) a substantial likelihood that the plaintiff will succeed on the merits; (2) a substantial threat that the denial of the injunction will result in irreparable harm to the plaintiff; (3) the threatened injury to the plaintiff outweighs any damage that the injunction may cause to opposing parties; and (4) the injunction will not disserve the public interest. *Canal Auth. v. Calloway*, 489 F.2d 567, 572 (5th Cir. 1974). A preliminary injunction is an

extraordinary and drastic remedy which should not be granted unless the movant clearly carries the burden of persuasion as to all four of the elements. *Canal Auth.*, 489 F.2d at 573.

Although the Court recognizes that Plaintiff may suffer immediate irreparable harm, the Court must deny the motion because Plaintiff has not produced sufficient evidence of *substantial* likelihood of success on the merits. Although the fundamental fairness of preventing irremediable harm to a party is an important factor on a preliminary injunction application, the most compelling reason in favor of (granting a preliminary injunction) is the need to prevent the judicial process from being rendered futile by defendant's action or refusal to act. *Canal Auth.*, 489 F. 2d at 574. The evidence presented to the Court essentially involves a swearing match between Plaintiff and Defendant that is likely a jury question. Although Plaintiff may possess evidence that make a jury verdict in his favor likely, he has not demonstrated to the Court a *substantial* likelihood of success on the merits of his claim. The Court does not find that the judicial process will be rendered futile if the Plaintiff is not immediately reinstated to his employment. Although the Court sympathizes with Plaintiff and his condition of confinement, Plaintiff is in no imminent danger of deportation as a deportation hearing will not take place until after the trial of the criminal charges against him. It is the opinion of the Court that if Plaintiff proceeds to trial in this cause, the court retains the ability to render a meaningful decision on the merits and Plaintiff can be adequately compensated for his alleged injuries. *See Id.* Therefore, the motion for preliminary injunction is DENIED.

It is so ordered.

Signed this 22nd day of December, 2006.

_____
JERRY BUCHMEYER
SENIOR UNITED STATES DISTRICT JUDGE